IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MOMAR MBERGAN,<br><br>                Plaintiff,<br><br>     v.<br><br>SAIHOU MBERGAN, et al.,<br><br>                Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:17-cv-01178-DAK-DBP<br><br>District Judge Dale Kimball<br><br>Magistrate Judge Dustin B. Pead |

This matter was referred to Magistrate Judge Dustin Pead by District Judge Dale Kimball pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 4).  On November 2, 2017, Plaintiff Momar Mbergan filed his Complaint against Defendants Saihou Mbergan, Kumba J. Mbergan, and the United States Department of State.  (ECF No. 3.) The case is presently before the court on sua sponte review pursuant to 28 U.S.C. § 1915.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). This statutory provision "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Jamison v. Costco Wholesale*, 280 F. App'x 738, 740 (10th Cir.

2008) (quoting *Denton v. Hernandez*, 504 U.S. 25 (1992)). "Examples of [claims that should be dismissed] are [those] claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke* at 328. The Tenth Circuit reviews a district court's finding of frivolousness for abuse of discretion. *Jamison* at 739–40 (citing *Fratus v. DeLand*, 49 F.3d 673, 674 (10th Cir. 1995).

Plaintiff alleges his blood has special "Astral Healing" properties. (ECF No. 3 at 10). Plaintiff also alleges that his parents, who have been hired as agents of the Department of State, work to keep Plaintiff imprisoned so that he may be experimented upon while various celebrities watch from remote locations. (*Id.* at 2, 11–12). Plaintiff claims that during these experiments, he has "been shot numerous times to test his healing ability." (*Id.* at 9). He also alleges his "reproductive system [has been] used and tampered with" against his will and that entertainers and "powerful people" have attempted to determine whether "there is any effect or benefit in drinking [Plaintiff's] blood." (*Id.* at 10). Next, Plaintiff alleges he has access to an "Unlimited Resource Account" intended to allow him to "defend the Nation." (*Id.* at 11). Plaintiff contends entertainers have laundered funds from that account to create "fake album and movie sales." (*Id.*) Finally, Plaintiff indicates he hand wrote his complaint, rather than typed it, because "all [his] devices and computers are being monitored by people gaining access through the State Department" with his parents' permission.[1] (*Id.* at 12).

The court finds plaintiff's claims are legally frivolous because the factual allegations describe fantastic or delusional scenarios. The court does not attempt to demean Plaintiff. Nor does it question the sincerity of his belief in his allegations. The court merely concludes that the allegations are so incredible that Plaintiff may not proceed in federal court.

---

[1] Despite this claim, Plaintiff has submitted typewritten documents. *See, e.g.*, (ECF No. 20).

## RECOMMENDATION

Based on a review of Plaintiff's Complaint, the court **RECOMMENDS** the District Court

**DISMISS** this case as frivolous under 28 U.S.C. §1915(e)(2)(B)(i).

Copies of the foregoing Report and Recommendation are being sent to all parties who are

hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy,

any party may serve and file written objections.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object

may constitute a waiver of objections upon subsequent review.

Dated this 11th day of April 2018.                     By the Court:

_____

Dustin B. Pead

United States Magistrate Judge

3